Filed 6/24/26  P. v. Shurtliff CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Alpine)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT JAY DUNHAM SHURTLIFF,<br>    Defendant and Appellant. | C104271<br><br>(Super. Ct. Nos. 23f212,<br>24f932) |

Appointed counsel for defendant Robert Jay Dunham Shurtliff asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We have, however, identified a clerical error in the abstract of judgment.  As detailed below, we direct the trial court to prepare a corrected abstract of judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2022, the Lake County District Attorney charged defendant with possession of a controlled substance with intent to sell (Health & Saf. Code, § 11378) and possession of drug paraphernalia (Health & Saf. Code, § 11364).  Defendant pled no contest to possession of a controlled substance with intent to sell, and the trial court granted him

1

two years of probation. Finding defendant lacked the ability to pay, the court did not impose any fines or fees.

When defendant moved to Shasta County, his probation supervision was transferred to that county. In February 2024, officers conducted a "transfer investigation," which included verifying defendant's residence. During the investigation, one officer observed the interior of the residence and saw that it was "in disarray" and that there were young children present. The officer decided to conduct a search of the residence. During the search, officers observed rotting food, dirty diapers, marijuana, and drug paraphernalia, including a broken drug pipe and syringes that were within reach of the children in the home.

The People filed a petition to revoke defendant's probation. The People also charged defendant and B.H. (mother of defendant's three youngest children) with five counts of felony child abuse. (Pen. Code, § 273a, subd. (a).)[1] Against defendant, the information alleged a prior strike conviction for robbery (§§ 211, 1170.12) and three circumstances in aggravation (Cal. Rules of Ct., rule 4.421(b)(2), (3), (4)). A year later, the People amended the information to add solely against defendant a count for maintaining a drug house. (Health & Saf. Code, § 11366.)

Defendant pled no contest to maintaining a drug house. (Health & Saf. Code, § 11366.) He admitted the prior strike conviction. He also admitted violating probation. Based on the plea agreement, the child abuse counts were dismissed.

Defendant filed a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 asking the trial court to strike his prior strike conviction. After denying the motion, the court sentenced defendant to four years for maintaining a drug house and two years for possession of a controlled substance with intent to sell after his violation of

---

[1] Undesignated statutory references are to the Penal Code.

probation in the prior case, with the sentences to run concurrently. The court imposed the mandatory minimum restitution fine of $300 (§ 1202.4) and the corresponding parole revocation fine of $300 (§ 1202.45).

Defendant timely appealed.

## DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days of the filing of the opening brief. He did not do so.

Our review of the record reveals a discrepancy between the trial court's oral pronouncement and the abstract of judgment. Specifically, the abstract of judgment indicates that the trial court lifted the stay on the mandatory probation revocation fine of $300 (§ 1202.44) after revoking defendant's probation. The trial court's oral pronouncement did not address a probation revocation fine nor lift a stay on a probation revocation fine. Moreover, a probation revocation fine under section 1202.44 was never imposed in defendant's probation case. Therefore, there was no probation revocation fine for which a stay could be lifted.

When there is a discrepancy between the court's oral pronouncement and the clerk's minute order or the abstract of judgment, "the record of the oral pronouncement … controls." (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) We have inherent authority to correct errors to accurately reflect the "oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we strike the $300 probation revocation fine (§ 1202.44) included in the abstract of judgment. We order the abstract of judgment corrected to conform to the trial court's oral pronouncement of judgment.

Having examined the entire record pursuant to *Wende*, we find no other arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment without the $300 probation revocation fine (§ 1202.44) and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
WISEMAN, J.*

We concur:

/s/
EARL, P. J.

/s/
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4